704 S.E.2d 418

**STATE of West Virginia, Plaintiff Below, Appellee**

v.

**Jason Devon WILLIAMS, Defendant Below, Appellant.**

No. 35477.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 12, 2010.

Decided Nov. 18, 2010.

Steven K. Mancini, Southern West Virginia Law Clinic, Beckley, WV, for the Appellant.

Darrell V. McGraw, Jr., Attorney General, Dawn Warfield, Deputy Attorney General, Charleston, WV, for the Appellee.

PER CURIAM:

Defendant below, Jason Devon Williams (hereinafter "Appellant"), appeals from the judgment order of the Circuit Court of Mercer County, entered on August 7, 2009, involving the charge of third-degree sexual assault. The sole issue on appeal stems from an order dated August 4, 2009, wherein the trial court denied Appellant's motion to suppress his confession to police.[1] Appellant maintains that his confession to the police was improperly obtained because his counsel was not present during the questioning which occurred at a time after his constitutional right to counsel had attached. Having duly

1. Appellant entered a conditional guilty plea to one count of third-degree sexual assault (W. Va. Code § 61–8B–5), reserving the right to appeal the trial court's denial of his motion to suppress. *See* W. Va. R.Crim. P. 11(a)(2).

considered the briefs and arguments of the parties in relation to the record and pertinent case law, we find no reversible error and affirm the decision of the lower court.

## I. Factual and Procedural Background

The underlying charge in this case requires a brief explanation of events involving a prior conviction. According to the facts set forth in the August 4, 2009, order, Appellant had been previously convicted in February 2007 of "Attempt to Commit a Felony, to wit: Sexual Abuse–First Degree." His sentence for this offense was one to three years in the penitentiary, with imposition of the sentence suspended while Appellant participated in the youthful offender program at Anthony Correctional Center. Upon completion of the program at the Anthony Center in May 2008, the lower court imposed the one to three year penitentiary sentence, suspended the sentence, and placed Appellant on probation for five years. Conditions of probation included that Appellant register as a sex offender for life, and that he have no contact with anyone under the age of eighteen.[2]

On March 20, 2009, an adult probation officer filed a petition to revoke Appellant's probation for violating several probation conditions. The petition included the allegation that Appellant had been in the company of two teenage girls. On the basis of the petition, Appellant was arrested and confined in the regional jail. He was appointed counsel for purposes of the probation revocation hearing. Appellant was arraigned on March 24, 2009, regarding the probation violation, and he was released on bond with home confinement pending the final hearing. Appellant's counsel advised him at this point that he needed to report to the West Virginia State Police in order to comply with the terms of the West Virginia Sex Offender Registration Act.[3] Thereafter, Appellant reported to the local State Police barracks and spoke with Cpl. James Long.

Sometime after the arraignment but before Appellant reported to the State Police, the probation officer who filed the revocation petition contacted Cpl. Long and stated that she had a suspicion that more than mere accompaniment had occurred between Appellant and one or both of the minors. Appellant went to the State Police detachment on March 27, 2009. Based upon the information from the probation officer, Cpl. Long asked Appellant if he would be willing to talk about his meeting with the girls. Appellant agreed to be interviewed. According to Cpl. Long's testimony at the suppression hearing, after he updated the sex registry, he advised Appellant of his *Miranda* rights and secured a waiver of rights form from Appellant before questioning him about his contact with the underage girls. It is undisputed that Appellant did not ask for counsel.

During the course of the questioning regarding what happened while he was with the juveniles, Appellant confessed that he had sexual intercourse with one of the underage girls. Appellant's recorded statement to the police included the fact that Appellant was aware that the girl was only fifteen years old. Once the interview was over, Appellant left the barracks and returned to his home.

According to the record, Cpl. Long later that day interviewed the young girl with whom Appellant indicated he had intimate contact. The juvenile provided a recorded interview and confirmed she had sexual intercourse with Appellant.

Based upon the interviews with Appellant and the minor, a criminal complaint was filed in the magistrate court on March 30, 2009, charging one count of third-degree sexual assault. Appellant was arrested on that date. At his initial appearance, Appellant invoked his right to counsel. Counsel was appointed,[4] and the hearing was continued until April 22, 2009. With his counsel present at the hearing on April 22, Appellant waived his right to a preliminary hearing.

---

**2.** It was established during the July 29, 2009, hearing on the motion to suppress that the prior offense involved a minor child.

**3.** *See* W. Va.Code §§ 15–12–1 through 10; 81 W. Va.C.S.R. § 14.

**4.** The same lawyer appointed to represent Appellant in the probation violation matter was also appointed to represent him on the sexual assault charge.

The case was then forwarded to the circuit court. On June 9, 2009, the grand jury returned an indictment charging Appellant with sexual assault in the third degree.

Appellant filed a motion on July, 28, 2009, to suppress his confession to the sexual assault offense. At the July 29, 2009, hearing on the motion, Appellant argued that because he had been appointed counsel at the probation violation hearing, his right to counsel had attached. Appellant maintained that the police questioning about the type or extent of contact he had with the subject juveniles was effectively the same issue pending in the probation violation matter. The lower court denied the motion to suppress by order dated August 4, 2009. The order reflects the denial was based on the trial court concluding that: (1) Appellant had provided the statements after voluntarily, knowingly, and intelligently waiving his right to counsel, and (2) third-degree sexual assault is a separate crime from the probation violation for which counsel had been appointed.

On August 6, 2009, Appellant entered into a plea agreement in which he agreed to plead guilty to the indictment, conditioned on the right to pursue an appeal of the denial of the suppression motion, and to withdraw the guilty plea should the lower court's ruling be reversed. The circuit court accepted the plea and sentenced Appellant on August 7, 2007, to one to five years in the penitentiary. Appellant was also granted a stay of execution and post-conviction bond with home confinement pending appeal.

Appellant filed his petition for appeal with this Court on December 7, 2009; the appeal was granted by order dated February 11, 2010.

## II. Standard of Review

■ The solitary issue in this appeal is the propriety of the lower court's suppression ruling. We proceed in reviewing such issues according to the standards set forth in syllabus point three of *State v. Stuart*, 192 W.Va. 428, 452 S.E.2d 886 (1994), which states in relevant part: "On appeal, legal conclusions made with regard to suppression determina-

tions are reviewed *de novo*. Factual determinations upon which these legal conclusions are based are reviewed under the clearly erroneous standard."

## III. Discussion

Appellant maintains that the trial court was wrong in concluding that it was proper for the police to approach him about waiving his right to counsel at a time when he had already been appointed counsel to represent him. He argues that because he had been appointed counsel in the probation revocation matter that his constitutional right to counsel had attached, and the police could not seek a waiver of that right in order to initiate an interrogation. Appellant arrives at this conclusion by maintaining that the police questioning in this case was "effectively the same matter" as that involved in the probation revocation petition. He contends that syllabus point one of *State v. Barrow*, 178 W.Va. 406, 359 S.E.2d 844 (1987), is controlling in that it provides:

> If police initiate interrogation after a defendant's assertion, at an arraignment or similar proceeding, of his right to counsel, any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid because it was taken in violation of the defendant's Sixth Amendment right to counsel. To the extent that *State v. Wyer*, 173 W.Va. 720, 320 S.E.2d 92 (1984), is in conflict with this principle, it is overruled.

Appellant also asks the Court to revisit *Barrow* and verify its vitality in light of the 2009 United States Supreme Court case of *Montejo v. Louisiana*, —— U.S. ——, 129 S.Ct. 2079, 173 L.Ed.2d 955 (2009). In *Montejo*, the Supreme Court overruled its prior holding in *Michigan v. Jackson*, 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986), establishing a presumption that a police-initiated interrogation occurring after appointment of counsel renders a confession derived from such questioning invalid and inadmissible.[5]

---

5. Syllabus point one of *Barrow* was adopted to follow the precedent established in *Michigan*, which caused this Court to overrule its prior position on the subject as announced in *Wyer*.

The State agrees that *Barrow* needs revisited because of the *Montejo* decision. However, the State goes on to say that the Sixth Amendment right to counsel on which *Barrow*, *Montejo*, *Michigan* and *Wyer* turned is not at issue here. The State maintains that the trial court was correct in concluding that the right to counsel had not attached at the time the questioning by Cpl. Long took place. While Appellant had been appointed counsel at the arraignment on the probation violation, his Sixth Amendment right to counsel attached only as to the matter therein charged—being in the company of persons under the age of 18. As such, that charge was different from the subject of the confession—third-degree sexual assault.

■ At this juncture we note that the issue in this case warrants a brief discussion of a criminal defendant's right to counsel under the Fifth and Sixth Amendments to the U.S. Constitution. As summarized in *State v. Hickman*, 175 W.Va. 709, 716, 338 S.E.2d 188, 195 (1985), "the Fifth Amendment right to counsel was created in *Miranda* [*v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)], as an adjunct to the defendant's right against self-incrimination. This Fifth Amendment right to counsel is triggered when a defendant is taken into custody by law enforcement officials who desire to interrogate him. The Sixth Amendment [explicit] right to counsel arises ... when adversary judicial proceedings have been commenced against a defendant." We elaborated on the meaning of "adversary judicial proceedings" in syllabus point one of *State v. Bowyer*, 181 W.Va. 26, 380 S.E.2d 193 (1989), as follows: "The Sixth Amendment right to counsel attaches at the time judicial proceedings have been initiated against a defendant whether by way of formal charges, preliminary hearing, indictment, information, or arraignment."

Thus, the critical determination in the present case is whether Appellant's Sixth Amendment right to counsel was abridged because the pending charges for which appointment of counsel had been made were the same as the crime which the police were investigating. The conclusion of the trial court with regard to this issue is found in the following provision of the August 4, 2009, order denying the motion to suppress:

(11) Accordingly, the Court *FINDS* and *CONCLUDES* that the State has proven by a preponderance of the evidence that the Defendant's statements were provided after he voluntarily, knowingly, and intelligently signed a waiver of his right to counsel regarding the criminal charge of Sexual Assault–Third Degree, which is a crime separate and distinct from probation violation matter for which Mr. Mancini was appointed for legal representation thereon.

Antecedent to this conclusion in the August 4 order is the lower court's finding that no formal charges were pending regarding the third-degree sexual assault offense at the time counsel was appointed in the probation revocation proceeding.

This Court had occasion to discuss the reach of the constitutional right to counsel in the Sixth Amendment context in *State v. Wilder*, 177 W.Va. 435, 352 S.E.2d 723 (1986). It is clear from our discussion in *Wilder* that the Sixth Amendment right to counsel arises as to the specific offense which is charged. The defendant in *Wilder* was charged in an indictment with receiving stolen goods. During the trial regarding the receipt of stolen goods, a defense witness told the prosecution that the defendant had paid him to lie to defense counsel about his receiving the stolen goods in question. The witness tape recorded a conversation he had with the defendant regarding the witness's testimony about the stolen goods, which taping occurred outside of the courtroom but during the course of the trial. After reviewing the recording *in camera*, the trial judge allowed the tape to be admitted over defense counsel's objection. On appeal, the defendant claimed that the introduction of the tape violated his Sixth Amendment right to counsel because the statements were recorded without his counsel being present after his right to counsel had attached. In *Wilder*, this Court found that it was appropriate for the tape to be introduced for impeachment purposes during the trial on the stolen goods charge. This conclusion was reached after finding that

there was no basis to suppress the tape because no formal subornation charges had yet been initiated and the defendant's Sixth Amendment right to counsel had not yet attached "with respect to that charge." *Id.* at 438, 352 S.E.2d at 726. As further noted in *Wilder*, because the recorded statements were made before subornation charges were levied, "[t]he statements made on the tape would [also] ... have been admissible in a subsequent trial on a charge of subornation even though they were recorded while Mr. Wilder was indicted under another charge." *Id. Accord Maine v. Moulton,* 474 U.S. 159, 180, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985) (Pursuant to the Sixth Amendment right to counsel, "incriminating statements [obtained by police] pertaining to *pending charges* are inadmissible at the trial of those charges ...; [i]ncriminating statements pertaining to other crimes, as to which the Sixth Amendment right has not yet attached, are, of course, admissible at a trial of those offenses.")

 In the present case, the offense of third-degree sexual assault was *under investigation* when the custodial interrogation occurred. Since judicial proceedings had not yet been initiated against Appellant regarding the sexual assault charge, the right to counsel under the Sixth Amendment had not yet attached.[6] Syl. Pt. 1, *State v. Bowyer,* 181 W.Va. at 27, 380 S.E.2d at 194. To the extent that Appellant's Fifth Amendment right to counsel was triggered during the police interrogation, he had been apprised of his right to counsel and signed a waiver of his rights prior to the questioning. Thus we conclude that the lower court committed no reversible error regarding attachment of the right to counsel in this case, and we affirm the trial court's denial of the motion to suppress the confession.

## IV. Conclusion

For the reasons stated above, we find that the trial court rightly denied the motion to suppress the confession under the circumstances. Consequently, the August 7, 2009, judgment order of the Circuit Court of Mercer County is affirmed, and the matter returned for enforcement of the order.

Affirmed.

---

6. Having concluded that the Sixth Amendment right to counsel was not at issue in this case, we decline the invitation to address the impact the 2009 Supreme Court decision in *Montejo v. Louisiana* may have on our Sixth Amendment jurisprudence.