**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Marc Alan Kilmer,
Petitioner Below, Petitioner

vs.)  No. 20-0309 (Berkeley County 2018-C-161)

Shelby Searls, Superintendent,
Huttonsville Correctional Center,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioner Marc Alan Kilmer, by counsel Matthew T. Yanni, appeals the March 3, 2020, order of the Circuit Court of Berkeley County, denying his amended petition for a writ of habeas corpus. Shelby Searls, Superintendent, Huttonsville Correctional Center, by counsel Patrick Morrisey and Katherine M. Smith, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was arrested on the charge of domestic battery second offense stemming from a brutal attack on his former intimate partner on November 4, 2013. As a result of this attack, the victim had evidence of strangulation on her face and neck; numerous fractures, including three rib fractures and four pelvic fractures; and a collapsed lung, among other injuries. Following his arrest, petitioner was interviewed by Lt. Gary Harmison, during which he provided a statement ("first statement"). Petitioner was arraigned on November 5, 2013, and he requested that he be provided counsel to represent him as to that charge. He was released on bail at approximately 11:50 a.m. on November 5, 2013.

Later that day, petitioner was served with an arrest warrant for a separate criminal offense: sexual assault in the first degree on the same victim. Before he was arraigned on the sexual assault in the first degree charge, and approximately six hours after posting bond on the domestic battery second offense charge, he was interviewed related to the sexual assault in the first degree charge

1

("second statement") beginning at 6:20 p.m. on November 5, 2013, an interview that lasted forty-three minutes.

Prior to his second statement, petitioner was informed of his *Miranda* rights and indicated that he understood those rights. Petitioner advised the arresting officers that he wanted to provide a statement and signed a form signifying the waiver of his *Miranda* rights. Petitioner's second statement included a graphic description of sexual intercourse with the victim, during which the victim advised petitioner that "her hip was hurting." After he provided this second statement to law enforcement, petitioner was brought before a magistrate and arraigned on the felony charge of sexual assault in the first degree in Case No. 13-F-1686.

Petitioner was subsequently indicted on two felony counts of malicious assault, two misdemeanor counts of domestic battery, two felony counts of burglary, and one felony count of sexual assault in the first degree, stemming from the events of November 4, 2013. Following a five-day jury trial in February of 2015, petitioner was found guilty on all counts except the burglary charges. On April 9, 2015, the State filed a recidivist information, which prayed that petitioner be sentenced to life in prison based upon a predicate felony conviction for unlawful assault and two prior felony convictions for driving while his license was revoked for driving under the influence ("DUI"). The circuit court sentenced him to life in the penitentiary as a result.

Petitioner filed a direct appeal after sentencing, and his recidivist life sentence was reversed as a result of the direct appeal. *State v. Kilmer*, 240 W. Va. 185, 808 S.E.2d 867 (2017). Upon remand, the circuit court entered an order correcting petitioner's sentence. Accordingly, he was sentenced as follows: not less than one nor more than five years for unlawful assault (count one); time served for domestic battery (count two); not less than one nor more than five years for unlawful assault (count four); time served for domestic battery (count five); and not less than ten nor more than twenty-five years for sexual assault in the second degree (count six).[1] The circuit court ordered that counts one and six be served consecutively, with all other counts to be served concurrently, for an effective sentence of eleven to twenty-six years in the penitentiary, lifetime registration as a sexual offender, and five years of supervised release.

Thereafter, on May 25, 2018, petitioner filed a petition for a writ of habeas corpus, and the circuit court appointed habeas counsel. On October 30, 2018, habeas counsel filed an amended petition for a writ of habeas corpus, along with a *Losh* list,[2] and requested an omnibus evidentiary hearing. The circuit court declined to hold an omnibus hearing. Instead, it issued its final order denying the amended petition for a writ of habeas corpus on March 3, 2020.

This appeal followed. On appeal, petitioner claims that the circuit court erred when it denied his petition without holding an omnibus evidentiary hearing as to his ineffective assistance of counsel claim.

"In reviewing challenges to the findings and conclusions of the circuit court

---

[1] Although petitioner was indicted on a count of sexual assault in the first degree, he was found guilty of the lesser-included offense of sexual assault in the second degree.

[2] *See Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981).

in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). Further,

"[o]n an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973).

*Meadows v. Mutter*, 243 W. Va. 211, __, 842 S.E.2d 764, 771-72 (2020).

Petitioner claims that the circuit court erred when it refused to conduct an evidentiary hearing to review his ineffective assistance of counsel claim and to establish the facts surrounding his second statement. Respondent maintains that the circuit court properly denied the petition without a hearing, noting that omnibus evidentiary hearings are not a matter of right and are not required in all circumstances.

As to petitioner's claim of ineffective assistance of counsel, we have said that

the cases in which a defendant may prevail on the ground of ineffective assistance of counsel are few and far between one another. This result is no accident, but instead flows from deliberate policy decisions this Court and the United States Supreme Court have made mandating that "[j]udicial scrutiny of counsel's performance must be highly deferential" and prohibiting "[i]ntensive scrutiny of counsel and rigid requirements for acceptable assistance[.]" *Strickland* [*v. Washington*], 466 U.S. [668,] 689–90, 104 S.Ct. [2052,] 2065–66, 80 L.Ed.2d [674,] 694–95 [(1984)]. In other words, we always should presume strongly that counsel's performance was reasonable and adequate. A defendant seeking to rebut this strong presumption of effectiveness bears a difficult burden because constitutionally acceptable performance is not defined narrowly and encompasses a "wide range." The test of ineffectiveness has little or nothing to do with what the *best* lawyers would have done. Nor is the test even what most good lawyers would have done. We only ask whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at the time, in fact, worked adequately.

*State v. Miller*, 194 W. Va. 3, 16, 459 S.E.2d 114, 127 (1995).

"In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-prong test established in *Strickland* . . . : (1) Counsel's

3

performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 5, *State v. Miller*[.]

Syl. Pt. 3, in part, *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 528 S.E.2d 207 (1999). In addition, as we have held,

> [i]n reviewing [*Strickland's* first prong,] counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Miller*, 194 W. Va. at 6-7, 459 S.E.2d at 117-18, Syl. Pt. 6. In reviewing the second or prejudice prong, the Court looks at whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Vernatter*, 207 W. Va. at 13, 528 S.E.2d at 209, Syl. Pt. 3, in part (quoting *Miller*, 194 W. Va. at 6, 459 S.E.2d at 117, Syl. Pt. 5, in part).

Although petitioner claims that his trial counsel was ineffective in failing to move to suppress his "second statement" to law enforcement, the timing of this statement is critical. Petitioner provided this statement to law enforcement officers *after* he was arraigned and appointed counsel with respect to a *domestic battery charge,* but *before* he was arraigned and brought before a magistrate on the later charge of *sexual assault in the first degree*. Accordingly, our jurisprudence is clear that at the time that he provided the second statement, petitioner's right to counsel under both Article III, Section 14 of the West Virginia Constitution and the Sixth Amendment to the United States Constitution had not attached with respect to the criminal offense of sexual assault in the first degree. *See State v. Williams,* 226 W. Va. 626, 704 S.E.2d 418 (2010); *State v. Blackburn,* 233 W. Va. 362, 758 S.E.2d 566 (2014); and *State v. Bouie*, 235 W. Va. 709, 776 S.E.2d 606 (2015). Therefore, suppression was not an available remedy at law. Accordingly, trial counsel's declination to file a motion to suppress the statement was objectively reasonable and in accordance with the law of this State. Thus, his claim of ineffective assistance of counsel, which alleges that his trial counsel was ineffective for failing to move to suppress his second statement, is without merit.

Moreover, it is well-established that omnibus evidentiary hearings are not a matter of right in habeas corpus proceedings. *See* W. Va. Code § 53-4A-7(a). A hearing is only necessary if it "appears to the court . . . that there is probable cause to believe that the petitioner may be entitled to some relief and that the contention or contentions and grounds (in fact or law) advanced have not been previously and finally adjudicated or waived." *Gibson v. Dale*, 173 W. Va. 681, 688, 319 S.E.2d 806, 813 (1984). Further, we have held that a habeas court may summarily deny a petition for a writ of habeas corpus without a hearing if the petition and supporting evidence show that petitioner is not entitled to relief. *See Perdue* at Syl. Pt. 1. Based upon our review of the record,

the circuit court did not err when it failed to grant petitioner a hearing on his amended habeas corpus petition, as the petition and the supporting evidence show that petitioner is not entitled to relief.

For the foregoing reasons, we affirm the circuit court's decision in its March 3, 2020, order denying the amended petition for habeas corpus relief.

Affirmed.

**ISSUED:** September 27, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

5