708 S.E.2d 459

STATE of West Virginia ex rel.
Ross GRAY, Petitioner

v.

David BALLARD, Warden, Andrew Men-
delson, Esq. and Kevin Neiswonger,
Esq., Respondents.

No. 34591.

Supreme Court of Appeals of
West Virginia.

Feb. 3, 2009.

### Memorandum Order

This case is before the Court upon Petitioner Ross Gray's filing of a Petition for a Writ of Habeas Corpus under W.Va.Code, 53–4A–1 [1967]. We are asked to examine whether the Petitioner has been denied his right to an appeal due to ineffective assistance of counsel on appeal, and whether the trial court abused its discretion in failing to dismiss counsel.

On September 12, 2005, the Petitioner was convicted of two counts of sexual assault in the second degree and three counts of sexual abuse in the first degree in the Circuit Court of Ohio County. Following this conviction, the State filed a recidivist information in order to enhance the Petitioner's first degree sexual abuse conviction to a life sentence. On October 19, 2005, motions filed by the Petitioner's trial attorneys—David Barnabei and Michael J. Olejasz—to withdraw as counsel were granted by the circuit court. The circuit court then appointed the Respondent, attorney Andrew Mendelson, to represent the Petitioner.

A jury found the Petitioner guilty of being a recidivist offender, and on February 13, 2006 the circuit court sentenced the Petitioner to two terms of ten to twenty-five years for the two counts of sexual assault in the second degree, two terms of one to five years for the two counts of sexual abuse in the first degree, and to a term of life for the final count of sexual abuse in the first degree. The life sentence was ordered to be served first, followed by a consecutive aggregate sentence of twenty-two to sixty years.

After sentencing, the Petitioner and his attorneys, Andrew Mendelson and Kevin Neiswonger, have had communication problems and disagreements over how best to handle the appeal. These problems have caused an extended delay in the filing of an appeal in this matter. The Petitioner has been resentenced four times and the time for him to file an appeal has again lapsed. Petitioner filed a *pro se* petition for a writ of habeas corpus in this court, and on November 5, 2008 this Court issued a rule to show cause directed against the Respondents Andrew Mendelson and Kevin Neiswonger to show cause why an appeal had not been filed on behalf of the Petitioner.

Attorneys Mendelson and Neiswonger are ready to file the appeal in this matter and assert they would have done so already if not for the Petitioner's erratic behavior. This behavior includes giving counsel inconsistent directives, making allegations against them, including the filing of a complaint with the Lawyer Disciplinary Board that was ultimately dismissed due to lack of evidence, and ordering counsel to stop working on the appeal.

Despite these delays allegedly caused by the Petitioner, counsel has a duty to move this appeal forward. When disagreements arise between counsel and client, counsel has wide deference and should proceed using his best professional judgment. This standard is set forth in Syllabus Point 5 of *State ex rel. Humphries v. McBride*, 220 W.Va. 362, 647 S.E.2d 798 (2007): "Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused." *In accord*, Syllabus Point 21, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974).

With this standard in mind, the Court is of the opinion that the Petitioner is not entitled to habeas corpus relief, but that he is entitled to have an appeal filed forthwith. Accordingly, this matter is hereby remanded to the Circuit Court of Ohio County with directions to resentence the Petitioner for purposes of renewing the time period for appeal. Respondents are hereby ordered to file a petition for appeal on behalf the Petitioner within thirty days of the date the circuit court enters the resentencing order. Respondents are further ordered to notify

the Clerk of this Court in writing upon the filing of the petition for appeal. The mandate of this Court shall issue contemporaneously herewith.

Remanded With Directions.