# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Rossi Gray,**
**Petitioner Below, Petitioner**

**FILED**

June 26, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 14-0836** (Ohio County 07-C-67)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**AND**

**State of West Virginia ex rel. Rossi Gray,**
**Petitioner**

**vs)   No. 15-0105** (Ohio County 07-C-67)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent**

## MEMORANDUM DECISION

In the first of these two consolidated cases,[1] Supreme Court No. 14-0836, Petitioner Rossi Gray, appearing *pro se*, appeals the order of the Circuit Court of Ohio County, entered on August 13, 2014, that denied his petition for writ of habeas corpus. In the second case, Supreme Court No. 15-0105, petitioner, appearing *pro se*, invokes this Court's original jurisdiction to seek a writ of habeas corpus requesting the same relief that the circuit court denied in No. 14-0836. Respondent Warden, by counsel Laura Young and Derek A. Knopp, filed a response.

The Court has considered the parties' briefs and the records in each case. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the records presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order in No. 14-0836 and denying the petition in No. 15-0105 is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 12, 2005, petitioner was convicted in the Circuit Court of Ohio County of two counts of sexual assault in the second degree pursuant to West Virginia Code § 61-8B-4 and

---

[1] Both cases arise out of the same underlying proceeding in the Circuit Court of Ohio County and raise the same issues. Accordingly, this Court, on its own motion, consolidated these cases for consideration and decision by order entered on May 5, 2015.

1

three counts of sexual abuse in the first degree pursuant to West Virginia Code § 61-8B-7. Following this conviction, the State filed a recidivist information pursuant to West Virginia Code § 61-11-19[2] in order to enhance petitioner's first-degree sexual abuse conviction to a life sentence. On October 19, 2005, the circuit court granted motions filed by petitioner's trial attorneys—David Barnabei and Michael J. Olejasz—to withdraw as counsel. The circuit court then appointed Attorney Andrew Mendelson to represent petitioner.

A jury found petitioner guilty of recidivism, and on February 13, 2006, the circuit court sentenced petitioner to the state penitentiary for two terms of ten to twenty-five years for the two counts of sexual assault in the second degree, two terms of one to five years for two counts of sexual abuse in the first degree, and a term of life for the final count of sexual abuse in the first degree. The life sentence was ordered to be served first, followed by a consecutive aggregate sentence of twenty-two to sixty years.

After his sentencing but prior to the filing of his direct appeal, petitioner filed a petition for writ of habeas corpus in this Court asserting, in pertinent part, that petitioner had been denied his right to an appeal due to ineffective assistance of counsel. *State ex rel. Gray v. Ballard*, 227 W.Va. 265, 266, 708 S.E.2d 459, 460 (2009) ("*Gray I*"). Petitioner and his appellate counsel, Mr. Mendelson and Kevin Neiswonger, experienced communication problems and disagreements over how best to handle the appeal. *Id.* These problems caused an extended delay in the filing of petitioner's direct appeal. *Id.* On November 5, 2008, this Court issued an order directing Mssrs. Mendelson and Neiswonger to show cause why an appeal had not been filed on petitioner's behalf. *Id.*

Mssrs. Mendelson and Neiswonger filed a response stating that they were ready to file petitioner's appeal and that the appeal would have been filed previously if not for petitioner's erratic behavior. *Id.* "This behavior include[d] giving counsel inconsistent directives, making allegations against them, including the filing of a complaint with the Lawyer Disciplinary Board that was ultimately dismissed due to lack of evidence, and ordering counsel to stop working on the appeal." *Id.* On February 3, 2009, this Court denied habeas relief, but directed counsel to file an appeal within thirty days. *Id.*

In petitioner's criminal appeal, appellate counsel raised, *inter alia*, the ineffective assistance of trial counsel. In raising this issue, counsel asserted that there was a sufficient record showing the poor relationship between petitioner and Mssrs. Barnabei and Olejasz and, therefore, petitioner's case was distinguishable from *State v. Triplett*, 187 W.Va. 760, 771, 421 S.E.2d 511, 522 (1992), in which this Court held that ineffective assistance claims are more appropriately brought in a habeas corpus proceeding rather than in a direct appeal. By order entered on June 17, 2010, this Court refused the appeal.

Petitioner originated his habeas corpus proceeding in the circuit court on February 16, 2007, by filing a *pro se* petition. On August 6, 2010, the circuit court denied the petition rejecting, *inter alia*, the claim of ineffective assistance of counsel:

---

[2] Petitioner does not dispute that his prior felonies were for violent sexual offenses.

Moreover, the Court notes with particularity that [petitioner]'s assignment of error three (3) wherein [petitioner] alleges that he was denied effective assistance of counsel is without merit because [petitioner], himself, created the issues about which he now complains. Indeed, the deterioration of the attorney/client relationship was, in large part, purposely caused by [petitioner], and the Court will not allow [petitioner] to now take advantage of his antics in order to secure any relief on the instant Petition for Writ of Habeas Corpus. Such attempts are disingenuous and the Court will not accept the same as a basis for alleging ineffective assistance of counsel.

Petitioner appealed. On November 9, 2010, this Court reversed the circuit court's August 6, 2010, denial of habeas relief and remanded the case for appointment of counsel and the holding of an omnibus hearing. Pursuant to this Court's remand order, the circuit court appointed Christopher Scheetz as habeas counsel. Following Mr. Scheetz's appointment, petitioner complained to the circuit court that counsel was not acting on his case. The circuit court held a conference on May 21, 2012, at which time the court, Mr. Scheetz, and petitioner discussed the status of his case.[3] After receiving this update, petitioner was satisfied with his representation. However, Mr. Scheetz subsequently filed a motion to withdraw because of "the limitations of raising . . . unsupportable grounds before a Court that are created by Rule 11 of the West Virginia Rules of Civil Procedure and Rules 3.1 and 3.2 of the West Virginia Rules of Professional Conduct." Mr. Scheetz explained that the transcript of petitioner's criminal case reflected that "[petitioner] intentionally created a conflict with his trial counsels, and it appears . . . that [petitioner] is attempting to create a conflict with [this] counsel as well."

On October 28, 2013, the circuit court granted Mr. Scheetz's motion to withdraw and appointed Mark Panepinto as habeas counsel. On July 23, 2014, Mr. Panepinto filed a "certificate of no merit" stating that he was constrained by ethical rules and that an amended habeas petition "would have no merit." Mr. Panepinto noted that he reached this conclusion after "a thorough review of approximately 2,200 pages and documents, including full trial transcripts of the underlying criminal case as well as all prior actions utilized for the recidivist proceeding against this [petitioner]." Accordingly, on August 13, 2014, the circuit court denied relief without a hearing, finding that "every effort has been made to permit [petitioner] to pursue" a habeas petition, but that "there are no valid grounds." The circuit court concluded petitioner's claims were "without merit" based on a review of Mr. Panepinto's filing as well as "[petitioner]'s various [p]etitions, the applicable law[,] and the [c]ourt file."

Petitioner filed an appeal of the circuit court's August 13, 2014, order denying his habeas petition on August 26, 2014, which this Court docketed as No. 14-0836. Later, on February 9, 2015, petitioner filed an original jurisdiction petition for writ of habeas corpus raising the same issues as his appeal, which this Court docketed as No. 15-0105. Both cases are now mature and ripe for decision. We address each in turn.

---

[3] Petitioner appeared at the May 21, 2012, status conference via video connection.

3

In No. 14-0836, we review a circuit court's order denying a petition for writ of habeas corpus under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006).

On appeal, petitioner first argues that our November 9, 2010, remand order directed the holding of an omnibus hearing on his habeas petition. Respondent warden counters that since entering our decision in *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973), we have consistently held that a circuit court may deny a habeas petition without a hearing "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 699, 601 S.E.2d 18, 19 (2004) (quoting Syl. Pt. 1, *Perdue*, 156 W.Va. at 467, 194 S.E.2d at 658). We find that the circuit court substantially complied with our remand order by twice appointing counsel to represent petitioner in his habeas proceeding. Both Mr. Scheetz and Mr. Panepinto concluded that ethical rules barred them from filing an amended petition on petitioner's behalf because such rules prohibit attorneys from raising "unsupportable grounds."[4] Mr. Scheetz further stated that the record reflected that petitioner "intentionally created a conflict" with his attorneys in his criminal matter. Mr. Scheetz's statement is consistent with *Gray I*, in which we noted that petitioner's erratic behavior included "giving counsel inconsistent directives" and "making [unproven] allegations against them." 227 W.Va. at 266, 708 S.E.2d at 460. Given such a record, we cannot say that the circuit court erred in declining to hold an omnibus hearing on the petition.

Second, petitioner asserts that the circuit court's findings are inadequate to support its conclusion that his claims were "without merit." Respondent warden counters that the findings were adequate. We find that the only arguably viable claim was ineffective assistance of counsel, in large part, because that issue often must be litigated in a habeas proceeding. *See* Syl. Pt. 10, *Triplett*, 187 W.Va. at 762-63, 421 S.E.2d at 513-14 (1992). However, as discussed *supra*, the record reflected that petitioner caused his problems with counsel. Moreover, the circuit court clearly found that "every effort has been made to permit [petitioner] to pursue" a habeas petition, but that "[petitioner]'s various [p]etitions, the applicable law[,] and the [c]ourt file" showed that

---

[4] Petitioner complains that inasmuch as they were appointed to represent him, Mr. Scheetz and Mr. Panepinto acted inappropriately in informing the circuit court that ethical constraints prevented them from raising unsupported claims on his behalf. However, as respondent warden notes, if petitioner wishes to file a subsequent petition alleging ineffective assistance of habeas counsel, he may do so pursuant to Syllabus Point 4 of *Losh v. McKenzie*, 166 W.Va. 762, 762-63, 277 S.E.2d 606, 608 (1981). We do not address that issue herein.

4

there were no valid grounds for habeas relief. In the circumstances of this case, we determine that no need exists for a remand for more comprehensive findings. *See State ex rel. Farmer v. Trent*, 209 W.Va. 789, 794 n. 3, 551 S.E.2d 711, 716 n. 3 (2001) (not necessary to remand for entry of comprehensive habeas order). Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition.

As noted *supra*, petitioner's original jurisdiction habeas petition in No. 15-0105 raises the same issues as his appeal in No. 14-0836. Having found that the appeal lacks merit, we also deny the petition in No. 15-0105.

For the foregoing reasons, in Supreme Court No. 14-0836, we find no error in the decision of the Circuit Court of Ohio County and affirm its August 13, 2014, order that denied petitioner's petition for writ of habeas corpus. In Supreme Court No. 15-0105, we refuse the requested writ.

Affirmed.
Writ Refused.

**ISSUED:**   June 26, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II