# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Rossi A. Gray, Jr.,**
**Petitioner Below, Petitioner**

**FILED**

**January 20, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 16-0198** (Ohio County 15-C-311)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rossi A. Gray, Jr., pro se, appeals the order of the Circuit Court of Ohio County, entered on February 3, 2016, denying his petition for writ of habeas corpus. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel Nic Dalton, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 12, 2005, petitioner was convicted in the Circuit Court of Ohio County of two counts of sexual assault in the second degree and three counts of sexual abuse in the first degree. Following this conviction, the State filed a recidivist information pursuant to West Virginia Code § 61-11-19 in order to enhance petitioner's first-degree sexual abuse conviction to a life sentence.[1] On October 19, 2005, the circuit court granted motions filed by petitioner's trial attorneys—David Barnabei and Michael J. Olejasz—to withdraw as counsel. The circuit court then appointed Andrew Mendelson to represent petitioner.

---

[1] According to the recidivist information filed by the State, petitioner had prior felony convictions for the following offenses: (1) a 1978 sodomy conviction in Ohio County, West Virginia; (2) a 1982 unlawful assault conviction in Marshall County, West Virginia; and (3) a 2001 conviction for driving under the influence, third offense, in Ohio County, West Virginia.

1

A jury found petitioner guilty of recidivism, and on February 13, 2006, the circuit court sentenced petitioner to two terms of ten to twenty-five years of incarceration for the two counts of sexual assault in the second degree, two terms of one to five years of incarceration for two counts of sexual abuse in the first degree, and a life term of incarceration for the final count of sexual abuse in the first degree. The life sentence was ordered to be served first, followed by a consecutive aggregate sentence of twenty-two to sixty years.

After his sentencing but prior to the filing of his direct appeal, petitioner filed a petition for writ of habeas corpus in this Court asserting that he had been denied his right to an appeal due to ineffective assistance of counsel. *State ex rel. Gray v. Ballard*, 227 W.Va. 265, 266, 708 S.E.2d 459, 460 (2009) ("*Gray I*"). Petitioner and his appellate attorneys, Mr. Mendelson and Kevin Neiswonger, experienced communication problems and disagreements over how best to handle the appeal. *Id.* These problems caused an extended delay in the filing of petitioner's direct appeal. *Id.* On November 5, 2008, this Court issued an order directing Attorneys Mendelson and Neiswonger to show cause why an appeal had not been filed on petitioner's behalf. *Id.*

Attorneys Mendelson and Neiswonger filed a response stating that they were ready to file petitioner's appeal and that the appeal would have been filed previously if not for petitioner's erratic behavior. *Id.* "This behavior include[d] giving counsel inconsistent directives, making allegations against them, including the filing of a complaint with the Lawyer Disciplinary Board that was ultimately dismissed due to lack of evidence, and ordering counsel to stop working on the appeal." *Id.* On February 3, 2009, this Court denied habeas relief, but directed counsel to file an appeal within thirty days. *Id.*

In petitioner's criminal appeal, appellate counsel alleged the ineffective assistance of trial counsel. In raising this issue, counsel asserted that there was a sufficient record showing the poor relationship between petitioner and Attorneys Barnabei and Olejasz and, therefore, petitioner's case was distinguishable from *State v. Triplett*, 187 W.Va. 760, 771, 421 S.E.2d 511, 522 (1992), in which this Court held that ineffective assistance claims are more appropriately brought in a habeas corpus proceeding rather than in a direct appeal. By order entered on June 17, 2010, this Court refused the appeal.

Petitioner originated his second habeas corpus proceeding in the circuit court on February 16, 2007, by filing a pro se petition. On August 6, 2010, the circuit court denied the petition. Petitioner appealed. On November 9, 2010, this Court reversed the circuit court's August 6, 2010, denial of habeas relief and remanded the case for appointment of counsel and the holding of an omnibus hearing. Pursuant to this Court's remand order, the circuit court appointed Christopher Scheetz as habeas counsel. Following Attorney Scheetz's appointment, petitioner complained to the circuit court that counsel was not acting on his case. The circuit court held a conference on May 21, 2012, at which time the court, Attorney Scheetz, and petitioner discussed the status of his case. After receiving this update, petitioner was satisfied with his representation. However, Attorney Scheetz subsequently filed a motion to withdraw stating that petitioner had no viable grounds for habeas relief and that the transcript of petitioner's criminal case reflected that "[petitioner] intentionally created a conflict with his trial counsels, and it appears . . . that [petitioner] is

2

attempting to create a conflict with [this] counsel as well."

On October 28, 2013, the circuit court granted Attorney Scheetz's motion to withdraw and appointed Mark Panepinto as habeas counsel. On July 23, 2014, Attorney Panepinto filed a "certificate of no merit" stating that he was constrained by ethical rules and that an amended habeas petition "would have no merit." Attorney Panepinto noted that he reached this conclusion after "a thorough review of approximately 2,200 pages and documents, including full trial transcripts of the underlying criminal case as well as all prior actions utilized for the recidivist proceeding against [petitioner]." Accordingly, on August 13, 2014, the circuit court denied relief without a hearing, finding that "every effort has been made to permit [petitioner] to pursue" a habeas petition, but that "there are no valid grounds." The circuit court concluded petitioner's claims were "without merit" based on a review of Attorney Panepinto's filing as well as "[petitioner]'s various [p]etitions, the applicable law[,] and the [c]ourt file."

Petitioner appealed the circuit court's August 13, 2014, order denying his habeas petition. In *Gray v. Ballard*, Nos. 14-0836 and 15-0105 at 4 (W.Va. Supreme Court, June 26, 2015) (memorandum decision) ("*Gray II*"), this Court affirmed the circuit court's denial of relief finding that the court did not err in declining to hold an omnibus habeas corpus hearing.[2] This Court found that Attorney Scheetz's statement that petitioner intentionally created a conflict with his trial attorneys and attempted to create another conflict with his habeas attorney was consistent with the Court's finding in *Gray I* that petitioner's erratic behavior included "'giving counsel inconsistent directives'" and "'making [unproven] allegations against them.'" *Id.* (quoting *Gray I*, 227 W.Va. at 266, 708 S.E.2d at 460).

Petitioner filed the instant habeas petition on November 2, 2015, alleging the following grounds for relief: (1) the jury instructions were erroneous with regard to second degree sexual assault; (2) petitioner was denied due process of law when he received a recidivist life sentence pursuant to the habitual offender statute, West Virginia Code §§ 61-11-18 and 61-11-19; (3) the predicate convictions used to enhance petitioner's sentence to a life term of incarceration pursuant to West Virginia Code § 61-11-18(c) were not valid; (4) petitioner's recidivist life sentence was unconstitutionally disproportionate; and (5) petitioner's various attorneys were ineffective in trial, appellate, and habeas proceedings. By order entered February 3, 2016, the circuit court denied petitioner's habeas petition finding that the grounds raised in the petition were previously adjudicated or waived in the prior proceeding in *Gray II*.

Petitioner appeals the circuit court's February 3, 2016, order denying habeas relief. We review a circuit court's order denying a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of

---

[2]We take judicial notice of the record in *Gray v. Ballard*, Nos. 14-0836 and 15-0105 (W.Va. Supreme Court June 26, 2015) (memorandum decision).

law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner challenges the circuit court's finding that the grounds raised in his petition were previously adjudicated or waived in the previous habeas proceeding in *Gray II*. Respondent counters that the doctrine of res judicata, as enunciated by this Court in *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), bars petitioner's instant habeas petition. We agree with respondent, except as to one issue as explained below.

Pursuant to syllabus point two of *Losh*, the doctrine of res judicata bars successive habeas petitions following an omnibus proceeding, which usually comprises of (1) appointment of counsel; and (2) an evidentiary hearing. 166 W.Va. at 762, 277 S.E.2d at 608. However, in *Gray II*, we affirmed the circuit court's denial of habeas relief without a hearing because the breakdowns in petitioner's relationships with his various attorneys (including his first habeas attorney) could be traced to his erratic behavior, which included "'giving counsel inconsistent directives'" and "'making [unproven] allegations against them.'" *Id.* at 4 (quoting *Gray I*, 227 W.Va. at 266, 708 S.E.2d at 460). In its order denying petitioner's prior petition in *Gray II*, the circuit court found that "every effort has been made to permit [petitioner] to pursue" habeas relief. Therefore, we conclude that, under the facts and circumstances of this case, petitioner's prior proceeding in *Gray II* qualifies as an omnibus habeas corpus proceeding under syllabus point two of *Losh*.

In syllabus point four of *Losh*, we held that a prior omnibus proceeding is res judicata as to all matters raised and as to all matters known, or, with reasonable diligence, could have been known, but that a habeas petitioner "may still petition the court on the following grounds: ineffective assistance of [habeas] counsel[.]" 166 W.Va. at 762-63, 277 S.E.2d at 608. We find that every ground raised in petitioner's instant habeas petition is barred by the doctrine of res judicata except for ineffective assistance of habeas counsel, which we address separately.

With regard to the application of the doctrine of res judicata, petitioner alleges that the grounds raised in his instant petition were unknown to him and could not have been known with reasonable diligence. We find that the record in *Gray II* belies petitioner's allegation. In his appendix in *Gray II*, petitioner included a draft of an amended petition prepared by his first habeas attorney, Attorney Scheetz, which alleged that petitioner's 1978 sodomy conviction and his 1982 unlawful assault conviction could not be used as predicate convictions pursuant to West Virginia Code § 61-11-18(c). The argument that these convictions were not valid felony convictions also appears in petitioner's instant petition.[3] The draft amended petition further alleged that the jury

---

[3]With regard to his 1978 sodomy conviction, petitioner alleges that it was a consensual act of oral sex that was not forced on the victim. *But see Gray II*, at 2 n.2 (noting that petitioner did not dispute that his prior felonies included "violent sexual offenses"). With regard to his 1982 unlawful assault conviction, petitioner alleges that it was not eligible to be a predicate conviction pursuant to West Virginia Code § 61-11-18(c) because the circuit court exercised the option to impose a term of incarceration in the Marshall County Jail rather than sentence petitioner to a State (Continued . . .)

instructions were erroneous, which is another argument found in the instant petition. Moreover, in Mr. Scheetz's cover letter, he indicated that the amended petition was still being "finaliz[ed]" and advised that petitioner should "write . . . a list of questions or concerns . . . so [that] we may discuss them[.]" Therefore, we find that the issues raised in petitioner's instant habeas petition were either known to him or could have been known to him with reasonable diligence. We conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition pursuant to syllabus point four of *Losh* with regard to every ground for relief other than ineffective assistance of habeas counsel.

With regard to that claim allowed under syllabus point four of *Losh*, we find that, upon a review of the record in *Gray II*, neither habeas attorney was ineffective under the applicable standard. Claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the following: (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995) (adopting *Strickland*). As already discussed, Attorney Scheetz was fully engaged in his representation of petitioner until the time their relationship broke down. With regard to Attorney Panepinto, we find nothing in the record to contradict his proffer that he conducted "a thorough review of approximately 2,200 pages and documents, including full trial transcripts of the underlying criminal case as well as all prior actions utilized for the recidivist proceeding against [petitioner]." Therefore, we agree with the circuit court that every attempt was made to allow petitioner to pursue habeas relief in the proceeding in *Gray II* and conclude that the circuit court did not abuse its discretion in also denying petitioner's instant petition with regard to the claim of ineffective assistance of habeas counsel.

For the foregoing reasons, we affirm the circuit court's February 3, 2016, order denying petitioner's petition for writ of habeas corpus.

Affirmed.

**ISSUED:**   January 20, 2017

---

correctional facility. *See* W.Va. Code § 61-2-9(a) (providing that a person guilty of unlawful assault "shall either be in a [S]tate correctional facility not less than one nor more than five years, or be confined in jail not exceeding twelve months"). However, we note that West Virginia Code § 61-2-9(a) also provides that a conviction for unlawful assault is "a felony."

5

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker