# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)   No. 17-0304** (Ohio County 05-F-02)

**Rossi A. Gray, Jr.,**
**Defendant Below, Petitioner**

**FILED**

**April 20, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Rossi A. Gray, Jr., pro se, appeals the March 20, 2017, order of the Circuit Court of Ohio County denying his motion for correction of illegal sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure. Respondent State of West Virginia ("State"), by counsel Gordon L. Mowen, II, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal.[1] The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 12, 2005, petitioner was convicted in the Circuit Court of Ohio County of two counts of sexual assault in the second degree and three counts of sexual abuse in the first degree. Following this conviction, the State filed a recidivist information pursuant to the habitual offender statute, West Virginia Code §§ 61-11-18 and 61-11-19, in order to enhance petitioner's first-degree sexual abuse conviction to a life sentence.[2]

A jury found petitioner guilty of recidivism, and on February 13, 2006, the circuit court

---

[1] By an amended scheduling order entered August 16, 2017, this Court allowed petitioner to file a supplemental brief containing appropriate citations to the record. On December 12, 2017, petitioner filed a motion requesting this Court to allow him to file a second supplemental brief which will be discussed *infra*.

[2] According to the recidivist information filed by the State, petitioner's prior felony convictions were (1) a 1978 sodomy conviction in Ohio County, West Virginia; (2) a 1982 unlawful assault conviction in Marshall County, West Virginia; and (3) a 2001 conviction for driving under the influence ("DUI"), third offense, in Ohio County, West Virginia.

sentenced him to ten to twenty-five years of incarceration for each of the two counts of second-degree sexual assault, one to five years of incarceration for each of the first two counts of first-degree sexual abuse, and a life term of incarceration for the final count of first-degree sexual abuse. The circuit court ordered petitioner to serve the life sentence first, followed by a consecutive aggregate sentence of twenty-two to sixty years. Following a delay resulting from disagreements with his appellate attorneys, *see State ex rel. Gray v. Ballard* ("*Gray I*"), 227 W.Va. 265, 266-67, 708 S.E.2d 459, 460-61 (2009), petitioner sought review of his convictions. This Court refused petitioner's appeal by order entered June 17, 2010.

Subsequently, petitioner had an omnibus habeas corpus proceeding which resulted in a denial of relief. Petitioner appealed the denial of habeas relief, but this Court affirmed the circuit court's order in *Gray v. Ballard* ("*Gray II*"), Nos. 14-0836 and 15-0105, 2015 WL 3952658, at *4 (W.Va. June 26, 2015) (memorandum decision). On November 2, 2015, petitioner filed a habeas petition alleging that his attorneys in the previous proceeding provided ineffective assistance. The circuit court denied relief by an order entered February 3, 2016. Petitioner appealed the February 3, 2016, order in *Gray v. Ballard* ("*Gray III*"), No. 16-0198, 2017 WL 244146, at *4 (W.Va. January 20, 2017) (memorandum decision), and this Court affirmed the denial of habeas relief.

On February 6, 2017, petitioner filed a motion for correction of illegal sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure.[3] In the motion, petitioner attacked the validity of his convictions for second-degree sexual assault and first-degree sexual abuse. Therefore, the circuit court treated petitioner's claims as grounds for habeas relief, finding that they were finally adjudicated and/or waived in the prior proceedings. Accordingly, the circuit court denied the motion by an order entered March 20, 2017.

Petitioner appeals the circuit court's March 20, 2017, order denying his motion. In *State v. J.S.*, 233 W.Va. 198, 206, 757 S.E.2d 622, 630 (2014), we found that we are not bound by labels, but will treat the motion as being "made pursuant to the most appropriate rule." (internal quotations and citations omitted). Given the circuit court's treatment of petitioner's claims, we find that the most appropriate rule to apply to this case is Rule 4(c) of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings. Rule 4(c) provides, in pertinent part, that the circuit court may summarily dispose of claims that "have been previously and finally adjudicated or waived." *See* Syl. Pt. 2, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981) (holding that the doctrine of res judicata bars the re-raising of claims adjudicated and/or waived in a prior omnibus habeas proceeding).

On appeal, petitioner both attacks the validity of his convictions for second-degree sexual assault and first-degree sexual abuse and argues that his life recidivist sentence is illegal. Petitioner further argues that "[h]abeas [c]ounsel had a non-negotiable duty to identify all significant and obvious claims for relief." The State counters that petitioner's many arguments have been finally adjudicated and/or waived in the prior habeas proceedings. We agree with the State.

In *Gray III*, we found that "petitioner's prior proceeding in *Gray II* qualifies as an omnibus

---

[3]Rule 35(a) provides that an illegal sentence may be corrected at any time.

habeas corpus proceeding under syllabus point two of *Losh*." 2017 WL 244146, at *3. Accordingly, we concluded that the doctrine of res judicata barred "all matters [previously] raised *and . . . all matters known, or, with reasonable diligence, could have been known*" at the time of the prior proceeding. *Id.* (emphasis added). Specifically, we found in *Gray III* that the argument that petitioner's life recidivist sentence was illegal because his "1978 sodomy conviction and his 1982 unlawful assault conviction could not be used as predicate convictions pursuant to West Virginia Code § 61-11-18(c)" had been known to him and could have been raised previously. *Id.*[4]

In syllabus point four of *Losh*, we held that a claim that habeas counsel provided ineffective assistance qualifies as an exception to the doctrine of res judicata. 166 W.Va. at 762-63, 277 S.E.2d at 608. But, that claim was adjudicated in *Gray III* where we found that "neither habeas attorney was ineffective." 2017 WL 244146, at *4. Moreover, regardless of the label used—habeas petition or Rule 35(a) motion—a criminal defendant is not entitled to attack his various convictions and sentences in perpetuity as "[t]here must be some end to litigation." *Call v. McKenzie*, 159 W.Va. 191, 194, 220 S.E.2d 665, 669 (1975); *see White v. Haines*, 215 W.Va. 698, 705 n.9, 601 S.E.2d 18, 25 n.9 (2004) (affirming denial of prisoner's second habeas petition, finding that it "is difficult to muster any sound reasoning for giving [him] another bite at the apple"). Therefore, we conclude that the circuit court did not err in denying petitioner's motion for correction of illegal sentence because every claim that he could have raised was finally adjudicated and/or waived as a result of the prior habeas proceedings.

For the foregoing reasons, we affirm the circuit court's March 20, 2017, denying petitioner's motion for correction of illegal sentence.[5]

---

[4]With regard to his 1978 sodomy conviction, petitioner alleges that it was a consensual act of oral sex that was not forced on the victim. *But see Gray II*, 2015 WL 3952658, at *1 n.2 (noting that petitioner did not dispute that his prior felonies included "violent sexual offenses"); *State ex rel. Gray v. McClure*, 161 W.Va. 488, 242 S.E.2d 704, 705 (1978) (finding that petitioner was indicted for both "rape and sodomy"). With regard to his 1982 unlawful assault conviction, petitioner alleges that it was not eligible to be a predicate conviction because the circuit court exercised the option under West Virginia Code § 61-2-9(a) to impose a term of incarceration in the Marshall County Jail rather than sentence petitioner to a State correctional facility. However, we note that West Virginia Code § 61-2-9(a) provides that a conviction for unlawful assault is "a felony."

[5]In a pleading titled "motion requesting a finding that [petitioner]'s recidivist sentence is void or voidable," filed December 12, 2017, petitioner requests permission to file a second supplemental brief based on this Court's recent decision in *State v. Kilmer*, __ W.Va. __, 808 S.E.2d 867 (2017). In syllabus point four of *Losh*, we held that a favorable change in the law which may be applied retroactively is an exemption to the doctrine of res judicata. 166 W.Va. at 762-63, 277 S.E.2d at 608. However, we find that our decision in *Kilmer* is distinguishable from this case because it involved a conviction for driving on a revoked license while third offense DUI is among the predicate convictions supporting petitioner's life recidivist sentence. In *Kilmer*, we reiterated that "DUI convictions involve[ ] actual or threatened violence." *Id.* at __, 808 S.E.2d at 871 (citing (Continued . . .)

Affirmed.

**ISSUED:**   April 20, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

---

*State ex rel. Appleby v. Recht*, 213 W.Va. 503, 516, 583 S.E.2d 800, 813 (2002)). Therefore, we deny the "motion requesting a finding that [petitioner]'s recidivist sentence is void or voidable."